| | |
|---|---|
| Jeremy C. Marwell | Varu Chilakamarri |
| Vinson & Elkins LLP | K&L Gates LLP |
| 2200 Pennsylvania Avenue, NW | 1601 K Street, NW |
| Suite 500 West | Washington, DC 20006 |
| Washington, DC 20037 | Phone: 202.778.9000 |
| Phone: 202.639.6507 | varu.chilakamarri@klgates.com |
| jmarwell@velaw.com | |

July 29, 2024

**VIA CM/ECF**

Hon. Mark Langer, Clerk
U.S. Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

    Re:  *City of Port Isabel, et al. v. FERC*, No. 23-1174 – Response to July 19, 2024 Rule 28(j) Letter (oral argument held May 17, 2024)

Dear Mr. Langer:

    As FERC explains (elaborated by Texas LNG in case 23-1175), *Healthy Gulf v. FERC*, No. 23-1069, does not support Petitioners. FERC's orders here recognize what this Circuit's law holds: NEPA does not require FERC to make a binary significance determination. FERC 7/22 Letter at 1; *Food & Water Watch v. FERC*, 104 F.4th 336, 346-47 (D.C. Cir. 2024). FERC's orders here closely track those upheld in *Food & Water*—which rejected an argument for an ad hoc determination where "FERC never asserted that it was legally compelled to attach the [significance] label," 104 F.4th at 347. *Compare Tennessee Gas Pipeline Co.*, 181 FERC ¶ 61,051 PP 33-37 (2022) (order upheld in *Food & Water*, concluding that FERC "appropriately did not characterize the emissions as significant or insignificant" absent monetary significance criteria), *with* Remand Order P 101, JA048. This Court should not construe FERC's orders here as reflecting a different understanding of NEPA.[1]

---

[1] *Cf. UC Health v. NLRB*, 803 F.3d 669, 679 n.5 (D.C. Cir. 2015) ("[P]arties cannot waive the correct interpretation of the law by failing to invoke it." (cleaned up)).

1

Moreover, the *Chenery* concern from *Healthy Gulf* (n.2) is absent here, because the Petitioners never relied on *Northern Natural* on rehearing. FERC 7/22 Letter at 2. FERC therefore did not fail to adequately respond to an argument based on *Northern Natural*, which in any event is jurisdictionally forfeited. In response to Petitioners' separate suggestion that FERC make an ad hoc "significance" determination under its withdrawn policy statement, FERC's orders explained that the issue is outside the scope of this Court's remand. *See* Intervenor Br. 30 n.10.

Having raised virtually identical Social Cost of Carbon arguments across numerous FERC appeals, Petitioners cannot now meaningfully distinguish this Court's cases repeatedly upholding FERC's discussion of the significance of greenhouse-gas emissions and the Social Cost of Carbon. *E.g.*, *Food & Water*, 104 F.4th at 346; *Alabama Mun. Distribs. Grp. v. FERC*, 100 F.4th 207, 214-15 (D.C. Cir. 2024). Petitioners' attempt to impose ever-finer-grained requirements on FERC's discussion of greenhouse gases should be rejected.

                                      Respectfully submitted,

*/s/ Jeremy C. Marwell*                       */s/ Varu Chilakamarri*
                                                      *(by permission)*

| | |
|---|---|
| Jeremy C. Marwell | Varu Chilakamarri |
| Vinson & Elkins LLP | K&L Gates LLP |
| 2200 Pennsylvania Avenue, NW | 1601 K Street, NW |
| Suite 500 West | Washington, DC 20006 |
| Washington, DC 20037 | Phone: 202.778.9000 |
| Phone: 202.639.6507 | varu.chilakamarri@klgates.com |
| jmarwell@velaw.com | |
| | |
| *Counsel for Respondent-Intervenor* | *Counsel for Respondent-Intervenor* |
| *Rio Bravo Pipeline Company, LLC* | *Rio Grande LNG, LLC* |

cc:    All Counsel of record (via CM/ECF)

2

## **CERTIFICATE OF COMPLIANCE**

1.　This letter contains 340 words, excluding the parts of the letter exempted by Federal Rule of Appellate Procedure 28(j).

2.　This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this letter has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

Date: July 29, 2024	*/s/ Jeremy C. Marwell*
	Jeremy C. Marwell
	Vinson & Elkins LLP
	2200 Pennsylvania Avenue, NW
	Suite 500 West
	Washington, DC  20037
	Phone: 202.639.6507
	jmarwell@velaw.com

	*Counsel for Respondent-Intervenor*
	*Rio Bravo Pipeline, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on July 29, 2024, I electronically filed the foregoing letter with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: July 29, 2024             */s/ Jeremy C. Marwell*
                                Jeremy C. Marwell
                                Vinson & Elkins LLP
                                2200 Pennsylvania Avenue, NW
                                Suite 500 West
                                Washington, DC  20037
                                Phone: 202.639.6507
                                jmarwell@velaw.com

                                *Counsel for Respondent-Intervenor*
                                *Rio Bravo Pipeline, LLC*