

November 13, 2024

***Via ECF***

Mark J. Langer
Clerk of court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001

**Orrick, Herrington & Sutcliffe LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037-3202

+1 202 339 8400

**orrick.com**

**Robert Loeb**

E  rloeb@orrick.com
D  +1 202 339 8475
F  +1 202 339 8500

Re: *City of Port Isabel v. FERC*, Nos. 23-1174, 23-1221

Dear Mr. Langer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Intervenor Rio Grande LNG, LLC submits *Marin Audubon Society v. FAA*, No. 23-1067 (Nov. 12, 2024), as supplemental authority.

*Marin Audubon* held that Council on Environmental Quality regulations, "which purport to govern how all federal agencies must comply with the National Environmental Policy Act, are *ultra vires*" and unenforceable. Slip Op. 8. It reiterated that "executive order[s] [are] not 'law'" and cannot "authorize a government official to promulgate rules and regulations." Slip Op. 8-9 (citations omitted). And it explained that FERC is a creature "of statute and as such literally has no power to act except to the extent Congress"—not the President or the three-member CEQ—"authorized them." Slip Op. 14-15 (citation omitted). Thus, under *Marin Audubon*, CEQ regulations and executive orders cannot and do not provide a basis for denying authorization for a project otherwise required by statute. *See* PFREB 13-15.

Here, the panel vacated FERC's reauthorization of the Rio Grande project because of minor purported errors in FERC's "environmental justice" analysis of insignificant environmental effects. But the environmental justice framework being enforced by the panel derives from executive orders and CEQ's regulations only—both sources which lack statutory grounding and, under *Marin Audubon,* do not provide a basis to reject a project authorization. PFREB 13-15; Slip Op. 20-21. The panel's decision to vacate FERC's order and revoke reauthorization based on an alleged failure in the environmental justice analysis thus cannot stand.

CEQ regulations also underlie two other aspects of the panel's decision: (1) that FERC should have considered an intervening proposal to build a carbon capture and sequestration (CCS) system as a "connected action," and (2) that the



CCS system must at least be considered as a "reasonable alternative." *See* PFREB 7. The CEQ regulations addressing connected actions and reasonable alternatives are equally *ultra vires* and without effect under *Marin Audubon*. *See* 40 C.F.R. § 1501.9.

      In light of *Marin Audubon*, the Court should grant the Petition, reverse the panel's holding, and reinstitute FERC's reauthorization of the Rio Grande project.

                            Respectfully submitted,

                          /s/ Robert M. Loeb
                          Robert M. Loeb


cc: Counsel of Record (via ECF)